# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS        SBN 108325
BEN J. MEISELAS        SBN 277412
GREG KIRAKOSIAN        SBN 294580
TYLER M. ROSS          SBN 292263

**SAMINI SCHEINBERG, PC**
BOBBY SAMINI           SBN 181796
MATTHEW M. HOESLY      SBN 289593

949 S Coast Dr., Suite 420
Costa Mesa, CA 92626
Telephone: (949) 724-0900

Attorneys for Plaintiff RACHEL KREMER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL KREMER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: 8:14-CV-01889**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **SEXUAL HARASSMENT;**<br>2. **CIVIL HARASSMENT;**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>4. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>5. **NEGLIGENT RETENTION AND SUPERVISION;**<br>6. **RETALIATION;**<br>7. **WRONGFUL TERMINATION**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Rachel Kremer began her employment enthusiastically with Defendant Zillow, Inc. ("Zillow") on June 25, 2012 as an Inside Sales Consultant. Ms. Kremer quickly learned that Zillow had a pervasive culture of degrading women. Ms. Kremer's male supervisors ranked her according to her breast size, sent pictures of their penis to her, and demanded sexual gratification and obedience by Ms. Kremer to continue her employment. Ms. Kremer's experience was not limited to one supervisor, but instead, was pervasive throughout Zillow's leadership. Privately, Zillow executives bragged that the office culture led to more sexual encounters than Match.com and referred to the internal office directory as "Zinder," named after the dating application Tinder. Sadly, for Ms. Kremer, by not participating in this culture, she felt she would be outcast, and terminated. Eventually, after experiencing the most heinous acts of sexual harassment imaginable, Ms. Kremer was terminated. Zillow attempted to cover up their conduct by having Ms. Kremer sign a confidentiality agreement and release. Ms. Kremer brings this action based on the sexual torture she endured, and for the other women who have been silenced at Zillow, and remain exposed to horrific and unthinkable acts.

## PARTIES

2. Plaintiff Rachel Kremer, at all relevant times, was an individual residing in Orange County, California.

3. Defendant Zillow, Inc. (NASDAQ: Z), at all relevant times, was a Washington corporation registered to do business in the State of California. Zillow is an online home and real estate marketplace for homebuyers, sellers, renters, real estate agents, mortgage professionals, landlords, and property managers. Zillow claims its database contains more than 110 million U.S. homes. Zillow also operates the largest real estate and rental advertising networks in the country.

4. Plaintiff is unaware of the true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, and therefore sues said Defendants by

1  such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to
2  allege the true names and capacities of said Defendants when the same are
3  ascertained. Plaintiff is informed and believes and thereon alleges that each of the
4  aforesaid fictitiously named Defendants is responsible in some manner for the
5  happenings and occurrences hereinafter alleged, and the Plaintiffs' damages and
6  injuries as herein alleged were caused by the conduct of said Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy as to Plaintiff exceeds $75,000.00 exclusive of interest and costs and because Defendant is incorporated and has its principal place of business in a state other than the state in which the named Plaintiff resides.

6. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Central District of California.

## GENERAL ALLEGATIONS

8. Zillow management routinely and unapologetically subjected Ms. Kremer to despicable and inappropriate sexual conduct throughout Ms. Kremer's employment.

9. Zillow management also directly targeted and propositioned Ms. Kremer on numerous occasions. These managers later retaliated against Ms. Kremer because she would not engage in sexual acts.

10. A few examples in the long list of unwelcome and disturbing sexual harassment include, but are not limited to, the following:

    a. On or about August 6, 2014, Ms. Kremer received an email from a Zillow manager with the subject line "Doc Johnson Mood Flirty Vibrator." The body of the email contained an advertisement for an adult

sex toy. A true and correct copy of this email is attached hereto as Exhibit "A."

b. On or about December 27, 2012, Ms. Kremer sent a text message to Gabe Schmidt, requesting assistance in having her e-mail password reset. Mr. Schmidt responded: "Hy said he will reset your password for a boob picture." Mr. Schmidt included a screen shot from Zillow IT employee Hy Lam. A true and correct copy of this text message is attached hereto as Exhibit "B."

c. On or about February 9, 2013, Mr. Schmidt invited Ms. Kremer to join him later that evening. The message reads: "Call me. Matt is showering. Thinking 333 dinner drink and your smooth vagina." 3 Thirty 3 Waterfront is a popular restaurant in Newport Beach, California with an active late-night bar scene. A true and correct copy of this text message is attached hereto as Exhibit "C."

d. On or about February 17, 2013, Ms. Kremer received a text message from Mr. Schmidt which reads: "Wanna blow me and have sex tonight?" A true and correct copy of this email is attached hereto as Exhibit "D."

e. On or about May 5, 2014, Ms. Kremer complained to Mr. Schmidt about the inappropriate conduct of a co-worker. Mr. Schmidt responded by saying: "You should mention something to Eddie. He won't get fired. I would just tell Eddie to watch it. I wonder if he jerks it to your Salesforce picture when you're not there." A true and correct copy of this email is attached hereto as Exhibit "E."

f. On or about December 29, 2012, Mr. Cody Fagnant (presumably using Mr. Schmidt's phone) sent a series of text messages wherein Mr. Fagnant invited Ms. Kremer to join him that evening. One noteworthy excerpt from Mr. Fagnant reads: "I have a great opportunity that just opened up on my face in the 92660 market. Call me if you are interested. This is an

exclusive position and won't last long." A true and correct copy of these text messages is attached hereto as Exhibit "F."

  g. On or about June 11, 2014, Mr. Schmidt sent a picture of his genitalia to Ms. Kremer with other lewd commentary. A true and correct copy of this text message is attached hereto as Exhibit "G."

11. Disturbingly, these types of communications from Zillow management were commonplace during Ms. Kremer's employment. Indeed, the Zillow office culture in Southern California has been described as an "adult frat house" where sexual harassment and misconduct are normalized, condoned, and promoted by male managers.

12. For example, Mr. Fagnant would corner Ms. Kremer when he was belligerently drunk to tell her, "I want to fuck the shit out of you." Mr. Fagnant made this statement once on July 26, 2013, and again on September 28, 2013.

13. In addition, male managers frequently engaged in sexual relations with female sales representatives. Plaintiff is informed and believes, and based thereon alleges, that Mr. Fagnant was having sexual relations with a sales representative in Seattle.

14. Mr. Schmidt, who was Ms. Kremer's supervisor, referred to a new employee as "Rachel 2.0," since, as he explained, she was like "Rachel but with bigger breasts and less miles on her."

15. During her employment with Zillow, Ms. Kremer successfully performed her duties and consistently met sales goals and other criteria established by Zillow. Ms. Kremer was recognized several times for excelling in the performance of her duties.

16. The hostile work environment and repeated instances of sexual harassment by Zillow management adversely impacted Ms. Kremer's work performance, and in July and August 2014, she was unable to meet her stated sales goals.

17. On Friday, August 29, 2014, Ms. Kremer was informed by Edward Cornelious, John Boller and Justin Lejouie that her employment with Zillow was being terminated due to her failure to meet her sales goals for the two preceding months. Ms. Kremer was never provided any warning or given an opportunity to explain the decline in her work performance, which was completely inconsistent with Zillow's own practices. In fact, another Zillow employee from Ms. Kremer's hire class was not terminated even though the employee's job performance was nearly identical to Ms. Kremer's.

# FIRST CAUSE OF ACTION

## SEXUAL HARASSMENT

*California Civil Code § 51.9*

*(By Plaintiff Kremer Against All Defendants)*

18. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

19. California Civil Code section 51.9 states:

(a) A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:
(1) There is a business, service, or professional relationship between the plaintiff and defendant. Such a relationship may exist between a plaintiff and a person . . .
(2) The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.
(3) There is an inability by the plaintiff to easily terminate the relationship.
(4) The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result of the conduct described in paragraph (2).

20. Defendant Zillow was in a business, service, or professional relationship with Plaintiff where there was an inability by Plaintiff to easily terminate the relationship due to her contractual obligations to Defendant Zillow.

21. As described above, Defendant Zillow's agents, employees, and representatives made sexual advances, solicitations, sexual requests, demands for sexual compliance by Plaintiff, and engaged in other verbal, visual, and physical conduct of a sexual and hostile nature based on gender that were unwelcome by Plaintiff and pervasive or severe.

22. Defendant Zillow's representatives engaged in sexual assault with the intent to cause harmful and offensive contact to Plaintiff's body. As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiff by sending her inappropriate emails, text messages, pictures, by physically intimidating her with the intent to engage in sexual relations, and by creating a sexually hostile work environment.

23. Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

24. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

25. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

26. Plaintiff is entitled to an award of attorneys' fees against Defendants pursuant to California Civil Code section 52.

## SECOND CAUSE OF ACTION
## CIVIL HARASSMENT
### *California Code of Civil Procedure §527.6*
### *(By Plaintiff Kremer Against All Defendants)*

27. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

28. Defendants' conduct, as described above, was "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose," thus constituting civil harassment under California Code of Civil Procedure section 527.6(b).

29. Defendants' "course of conduct [was] such as would cause a reasonable person to suffer substantial emotional distress, and [did] actually cause substantial emotional distress to the plaintiff," as required by California Code of Civil Procedure section 527.6(b).

30. Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct

of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

31. Plaintiff suffered severe emotional distress.

32. Defendant Zillow, including its agents, servants, employees, and authorized representatives, was a substantial factor in causing Plaintiff's severe emotional distress.

33. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

34. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(By Plaintiff Kremer Against All Defendants)*

35. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

36. Defendants' conduct, as described above, was extreme and outrageous and beyond the bounds of decency tolerated in a civilized society.

37. Defendants' conduct was intended to cause Plaintiff emotional distress and Defendants acted with a reckless disregard to the probability that Plaintiff would suffer emotional distress.

38. Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

39. Plaintiff suffered severe emotional distress.

40. Defendants were a substantial factor in causing Plaintiff's severe emotional distress.

41. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

42. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

# FOURTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*(By Plaintiff Kremer Against All Defendants)*

43. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

44. Defendants owed a duty to use reasonable care in their conduct with regard to the health, safety, and rights of Plaintiff. It was foreseeable and probable that Plaintiff would suffer severe emotional distress from Defendants' conduct.

45. Defendants were negligent by breaching the duty of care they owed to Plaintiff when Defendant Zillow and its agents, employees, and representatives repeatedly abused, harassed, and insulted Plaintiff, and Defendant Zillow was aware of such conduct by its agents, employees, and representatives and allowed it to continue.

46. Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

47. Plaintiff suffered severe emotional distress.

48. Defendants were a substantial factor in causing Plaintiff's severe emotional distress.

49. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial.

1  Plaintiff has been damaged emotionally and financially, including but not limited to
2  emotional suffering from emotional distress and ridicule, as well as loss of income,
3  employment, and career benefits.

4      50. In engaging in the conduct as hereinabove alleged, Defendant Zillow and
5  its agents, servants, employees, and authorized representatives acted with malice,
6  fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and
7  well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an
8  assessment of punitive damages in an amount sufficient to punish Defendants and
9  deter others from engaging in similar conduct.

## FIFTH CAUSE OF ACTION

## NEGLIGENT RETENTION AND SUPERVISION

*(By Plaintiff Kremer Against Defendant Zillow)*

51. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

52. Defendant Zillow has a duty to retain employees who are fit and competent, to supervise their employees, and to implement measures to protect third persons from the predictable and foreseeable risks posed by their employees.

53. Defendant Zillow knew, or in the exercise of reasonable diligence, should have known, that Plaintiff's superiors and colleagues were incompetent and unfit to perform the duties for which they were employed, and that undue risks to persons such as Plaintiff would result by way of their inappropriate conduct. The conduct of Plaintiff's supervisors occurred in their capacity as employees of Defendant Zillow, and was done for the benefit of Defendant Zillow.

54. Defendant Zillow was negligent by breaching the duty of care by retaining and failing to supervise Plaintiff's supervisors and colleagues, who had known propensities for unlawful behavior including abuse, harassment, and misconduct towards females with whom they worked. The conduct towards Plaintiff

was foreseeable based on the reputation that the Southern California Zillow office was known as an "adult frat house" and based on Defendant Zillow's male employees' treatment towards other female employees. Defendant Zillow had knowledge of such conduct. Defendant Zillow breached its duty of care by failing to implement measures to protect third persons from foreseeable risks, unreasonable risks of harm, and the recurrence of employee behavior of which it had prior notice. Instead, Defendant Zillow failed to terminate the above mentioned employees or take any disciplinary action against them, but retained them and allowed them to continue victimizing Plaintiff so that it may continue to reap the financial rewards of their conduct.

55. Defendant Zillow's failure to train, supervise, and terminate the above mentioned employees was the direct and proximate cause of Plaintiff's injuries. Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including, but not limited to suffering from pain, anxiety, depression, emotional distress, ridicule, as well as loss of health, income, employment, and career benefits.

## SIXTH CAUSE OF ACTION

## RETALIATION

### *(By Plaintiff Kremer Against Defendant Zillow)*

56. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

57. Plaintiff opposed the sexual harassment, discrimination, and other offensive conduct as described herein by reporting the conduct, and demanding that it be stopped.

58. Defendant Zillow failed to address Plaintiff's complaint.

59. The acts and/or omissions of Defendant Zillow materially and adversely affected the terms and conditions of Plaintiff's employment.

60. That Plaintiff opposed the sexual harassment, discrimination, and other offensive conduct as described herein and reporting it was a motivating reason for her termination in violation of Government Code Section 12940 (h) and for continued harassment.

61. Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (3) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow.

62. The acts and/or omissions of Defendant Zillow caused Plaintiff to suffer harm and economic damages for loss of past and future earnings and employee benefits, loss of earning capacity, loss of such employment related opportunities as the opportunity for advancement and promotion within Defendant Zillow, in amounts according to proof at trial.

63. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant Zillow and deter others from engaging in similar conduct.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION
*(By Plaintiff Kremer Against Defendant Zillow)*

64. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

- 14 -

65. Plaintiff was required to endure sexual harassment, discrimination, and other offensive conduct described herein during her employment with Defendant Zillow.

66. Defendant Zillow terminated Plaintiff's employment on or around August 29, 2014.

67. Plaintiff's gender and opposition to the sexual harassment, discrimination, and other offensive conduct described herein were motivating reasons for her termination.

68. Defendant Zillow was aware, or should have been aware, of the likelihood that Plaintiff would suffer severe emotional distress as a result of the above-described outrageous conduct. The outrageous and shocking conduct of Defendant Zillow its employees was done intentionally and for the purpose of inflicting extreme and severe emotional distress upon Plaintiff.

69. Defendant Zillow knowingly created and intentionally permitted these intolerable working conditions and failed to take appropriate remedial steps to protect Plaintiff from discrimination, retaliation, and harassment.

70. Plaintiff was harmed and the requirement that she endure sexual harassment, discrimination, and other offensive conduct as described herein during the course of her employment was a substantial factor in causing Plaintiff's harm.

71. Further, Plaintiff was harmed in that she was terminated without notice, warning, or an opportunity to explain the decline in her work performance, all in violation of and inconsistent with Defendant Zillow's own internal procedures and practices.

72. Plaintiff's termination from her employment was rooted in violation of public policy embodied in California's Fair Employment and Housing Act (FEHA), California Government Code §12940, *et seq.*, California Constitution Art. I Section 8, and case law.

73. As a direct and proximate result of Defendant Zillow's extreme and outrageous conduct, Plaintiff suffered and continues to suffer damages, including lost earnings and benefits, stress, anxiety, humiliation, embarrassment, discomfort, mental anguish, and severe emotional distress in addition to other consequential damages.

74. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant Zillow and deter others from engaging in similar conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rachel Kremer respectfully requests for judgment to be entered upon Defendants Zillow, Inc., as follows:

1. For general and special damages for an amount to be determined at trial;
2. For pre- and post-judgment interest according to proof;
3. For Punitive Damages where applicable;
4. For Attorney Fees where applicable;
3. For costs of suit incurred herein; and
4. For all other relief as this court may deem proper.

DATED: December 1, 2014       GERAGOS & GERAGOS, APC
                              SAMINI SCHEINBERG, PC


                              By:_ /s/ MARK J. GERAGOS
                                   MARK J. GERAGOS
                                   BEN J. MEISELAS
                                   GREG KIRAKOSIAN
                                   TYLER M. ROSS
                                   BOBBY SAMINI
                                   MATTHEW M. HOESLY
                                   Attorneys for Plaintiff
                                   RACHEL KREMER

## DEMAND FOR JURY TRIAL

Plaintiff Rachel Kremer hereby demands a jury trial.

DATED: December 1, 2014

GERAGOS & GERAGOS, APC
SAMINI SCHEINBERG, PC


By:  /s/ MARK J. GERAGOS _____
MARK J. GERAGOS
BEN J. MEISELAS
GREG KIRAKOSIAN
TYLER M. ROSS
BOBBY SAMINI
MATTHEW M. HOESLY
Attorneys for Plaintiff
RACHEL KREMER